**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

**TIMOTHY ANTONIO JONES,**

   **Plaintiff,**

**v.**              **Civil Action No.  3:25cv900**

**JANE DOE,**

   **Defendant.**

## MEMORANDUM OPINION

Plaintiff, a former Virginia inmate proceeding *pro se* and *in forma pauperis*, filed this 42 U.S.C.§ 1983 action.  In order to state a viable claim under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under color of state law deprived him or her of a constitutional right or of a right conferred by a law of the United States.  *See Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653, 658 (4th Cir. 1998) (citing 42 U.S.C. § 1983).  By Memorandum, Order entered on April 1, 2026, the Court explained as follows:

> Plaintiff does not identify the Jane Doe defendant by name in his Complaint and fails to provide information sufficient to identify the defendant.  If he wishes to proceed with this action, he must either provide Jane Doe's name or provide sufficient information to identify the defendant.[1]  In his current Complaint, Plaintiff also lists a variety of theories of liability but does not set forth identifiable claims.  Plaintiff also lists the Eighth and Fourteenth Amendments but does not explain why either applies to his allegations.[2]

---

[1] The Court notes that Plaintiff is no longer incarcerated and therefore no longer faces the same limitations in litigating this matter as he did while in jail.

[2] It is unclear whether Plaintiff was a convicted prisoner or a pretrial detainee at the time of events in the Complaint.  Plaintiff should identify what his status was in his Particularized Complaint.

Accordingly, the Court directed Plaintiff to submit a particularized complaint within fourteen (14) days of the date of entry thereof. The Court warned Plaintiff that the failure to submit a particularized complaint would result in the dismissal of the action.

More than fourteen (14) days have elapsed since the entry of the April 1, 2026 Memorandum Order. Plaintiff failed to submit a particularized complaint or otherwise respond to the April 1, 2026 Memorandum Order. Accordingly, the action will be DISMISSED WITHOUT PREJUDICE.

An appropriate order will accompany this Memorandum Opinion.

Date: 5/12/26
Richmond, Virginia

/s/

M. Hannah Lauck
Chief United States District Judge

2